IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARYLAND CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-14-839-C |
| | ) | |
| ALLEN COMMUNITY PHARMACY d/b/a RURAL HEALTHCARE INNOVATIONS; DAVID W. CAMPBELL, Pharm. D.; DR. DAVID W. CAMPBELL, PLLC; DR. DAVID CAMPBELL, PLLC d/b/a ALLEN COMMUNITY PHARMACY d/b/a ALLEN RURAL FAMILY MEDICINE; JEFF BRYEN, PA; RALPH NELSON, D.O.; RALPH NELSON, D.O., PC; LORETTA LAYTON; and GREG LAYTON, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLEN COMMUNITY PHARMACY d/b/a RURAL HEALTHCARE INNOVATIONS; DAVID W. CAMPBELL, Pharm. D.; DR. DAVID W. CAMPBELL, PLLC; DR. DAVID CAMPBELL, PLLC d/b/a ALLEN COMMUNITY PHARMACY d/b/a ALLEN RURAL FAMILY MEDICINE; | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| PATHFINDER/LL&D INSURANCE GROUP, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

# MEMORANDUM OPINION & ORDER

In December 2013, Defendants Greg and Loretta Layton filed suit in the Oklahoma District Court of Cleveland County against the other listed Defendants, alleging that negligent medical care and pharmacy services caused their son's death. The proceedings in that case, No. CJ-13-1485, are still pending. Plaintiff is the insurance provider of Defendant Allen Community Pharmacy d/b/a Rural Healthcare Innovations ("ACP"). Plaintiff filed this cause of action on August 7, 2014, and seeks a Court order declaring its duties under the liability insurance policy provided to ACP. Defendant Dr. David W. Campbell, PLLC ("Campbell PLLC") owns and operates ACP and the medical clinic known as Allen Rural Community Clinic and/or Allen Rural Family Medicine ("ARFM"). On April 6, 2015, Defendants David W. Campbell, Pharm. D. ("Dr. Campbell"), Campbell PLLC, ACP, and ARFM filed a Third Party Complaint (Dkt. No. 36) against the nonparty insurance agency Pathfinder/LL&D Insurance Group ("Pathfinder"). The Third-Party Plaintiffs allege that Pathfinder negligently failed to acquire professional liability insurance coverage for the provision of medical services at ARFM. On May 8, 2015, Pathfinder filed a Motion to Dismiss (Dkt. No. 43), arguing that the third-party claim is not proper under Fed. R. Civ. P. 14 and that the Third-Party Plaintiffs have failed to sufficiently state a claim of negligent procurement of insurance. Campbell PLLC, ACP, and ARFM filed a Response (Dkt. No. 46) on June 17, 2015.[1] Pathfinder filed a Reply (Dkt. No. 47). The Motion is at issue.

---

[1] Dr. Campbell filed a Notice of Bankruptcy (Dkt. No. 44) on May 15, 2015, which consequently has stayed all matters against Dr. Campbell in the instant litigation. 11 U.S.C. § 362(a).

**Fed. R. Civ. P. 14**

Rule 14 governs third-party practice and allows a defending party to join, or implead, "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The purpose of rule 14 is to 'accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'" Hefley v. Textron, Inc., 713 F.2d 1487, 1498 (10th Cir. 1983) (quoting Goodrich v. Burlington N. R.R. Co., 701 F.2d 129, 130 (10th Cir. 1983)). The approval of a third-party claim lies in the discretion of the trial courts, and the courts should construe the rule liberally to advance the intended purposes. United States v. Acord, 209 F.2d 709, 712-14 (10th Cir. 1954). The impleader of nonparty "is proper only where the third-party defendant's liability is 'in some way derivative of the outcome of the main claim.'" Hefley, 713 F.2d at 1498 (quoting United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967)). The third-party claim "cannot simply be an independent or related claim but must be based upon the plaintiff's claim against the original defendant." Marshall v. Pointon, 88 F.R.D. 566, 568 (W.D. Okla. 1980); Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008) ("Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded."). "The crucial characteristic of a Rule 14 claim is that the original defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff."

3

Marshall, 88 F.R.D. at 568; Am. Zurich Ins. Co., 512 F.3d at 805 ("A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim."). Pathfinder asserts that this characteristic is lacking because declaratory judgment in the Plaintiff's favor would not itself impose any liability upon Defendants that could be transferred to Pathfinder.

In the instant case, Plaintiff claims the insurance policy provided does not offer professional liability coverage. If successful, Plaintiff would be relieved of the duties to defend the Third-Party Plaintiffs in state court and to cover their liabilities should the state court rule in favor of the Laytons. This would impose upon the Third-Party Plaintiffs the full costs of litigation and the potential costs of any judgment against them. The Third-Party Plaintiffs assert that such outcome would be the result of Pathfinder's negligence in failing to obtain the represented coverage. That third-party claim is not merely related to Plaintiff's claim; it is a "derivative of the outcome of the main claim" for declaratory judgment. Hefley, 713 F.2d at 1498. Determinations on both claims will likely turn on some shared questions of fact. Despite the attenuated nature of liability in declaratory judgment cases, other courts in similar cases have upheld the impleader of third parties under Rule 14. See Old Republic Ins. Co. v. Concast, Inc., 99 F.R.D. 566, 568-70 (S.D.N.Y. 1983) (upholding the third-party complaint in a declaratory judgment action because resolution of the main claim and the third-party complaint involved an overlap of factual and legal issues); see also Am. Fid. & Cas. Co. v. Greyhound Corp., 232 F.2d 89, 92 (5th Cir. 1956); United of Omaha Life Ins. Co. v. Reed, 649 F.Supp. 837, 841-42 (D. Kan. 1986). In Old Republic, the court refused to

"read Rule 14(a) as a blanket prohibition against third-party complaints in [declaratory judgment] actions," because such a technical interpretation would defeat the policy behind the rule. 99 F.R.D. at 568. The Court finds these opinions persuasive. Pathfinder has provided no case law supporting dismissal and has not alleged that it would suffer prejudice if the third-party complaint is allowed to proceed. Thus, the Court finds that the impleader of Pathfinder was not improper under Rule 14(a) and that such holding better serves the purpose of Rule 14.

**Fed. R. Civ. P. 12(b)(6)**

The Supreme Court has made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (internal citations omitted). At the dismissal stage, the Court will accept all of Third-Party Plaintiffs' well-pleaded factual allegations as true and view them in the light most favorable to Third-Party Plaintiffs. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). However, "conclusory allegations that lack 'supporting factual averments are insufficient to state . . . claim[s] on which relief can be based.'" In re

5

Marsden, 99 F. App'x 862, 866 (10th Cir. 2004) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Pathfinder asserts that the Third-Party Plaintiffs have failed to state a claim for negligent procurement of insurance. Oklahoma law provides that "an insurance agent may be liable under either contract or tort theories for failure to obtain insurance." Swickey v. Silvey Cos., 1999 OK CIV APP 48, ¶ 8, 979 P.2d 266, 268.[2] An insurance agent has a duty "to exercise reasonable care and skill in performing its tasks, i.e. procuring insurance," and may be "liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Id., ¶ 13, 979 P.2d at 269. An insurance agent does "not have a duty to advise an insured with respect to his insurance needs." Cosper v. Farmers Ins. Co., 2013 OK CIV APP 78, ¶ 8, 309 P.3d 147, 149 (quoting Rotan v. Farmers Ins. Grp. of Cos., 2004 OK CIV APP 11, ¶ 2, 83 P.3d 894, 895) (internal quotation marks omitted). Nor does an agent have a duty to explain the policy terms. See Nat'l Fire Ins. Co. of Hartford v. McCoy, 1951 OK 379, ¶ 2, 239 P.2d 428, 430. Oklahoma courts have refused to impose a duty upon agents to provide "adequate insurance" when the insured did not request a specific amount of coverage. Cosper, 2013 OK CIV APP 78, ¶ 10, 309 P.3d at 149. In the instant case, the Third-Party Plaintiffs allege that Pathfinder knew it had provided professional liability coverage for pharmacy and medical services to ARFM prior to Dr. Campbell's

---

[2] The Court cites decisions of the Oklahoma Court of Civil Appeals for their persuasive value. See 20 Okla. Stat. § 30.5 ("No opinion of the Court of Civil Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the justices of the Supreme Court for publication in the official reporter.").

acquisition of the clinic, that Dr. Campbell requested that Pathfinder obtain professional liability coverage for medical services under the policy with Plaintiff, that Pathfinder failed to do so, and that the failure has harmed the Third-Party Plaintiffs. Viewing these allegations in a light most favorable to the Third-Party Plaintiffs, it cannot be said that the Third-Party Plaintiffs could prove no set of facts that would entitle them to relief.

Pathfinder urges the Court to consider the attached copies of the 2012 and 2011 insurance policies issued to ACP. Relying on Nat'l Fire Ins., Pathfinder argues that the Third-Party Plaintiffs renewed the policy, had a duty to read and the know the contents of the policy, and are now estopped from denying knowledge of the terms and conditions. 1951 OK 379, 239 P.2d 428. However, Pathfinder provides no case law showing that renewal of a policy alone is sufficient to defeat a claim of negligent procurement. To consider the contents of the policies further and make determinations regarding the knowledge of the Third-Party Plaintiffs would exceed the Court's authority at the dismissal stage. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").

Accordingly, the Motion to Dismiss of Third-Party Defendant Pathfinder/LL&D Insurance Group, LLC (Dkt. No. 43) is DENIED.

IT IS SO ORDERED this 2nd day of July, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge